Thank you. This case came to the court through my Anders brief. And after the Anders brief was filed, several months later, the court ordered a supplemental briefing on an issue for which we're here today, I think. Going back to your comments, Judge Gregory, we begin with Vianney. My client, Tomonta Simmons, was accused of a number of violations, new law violations. One of those was characterized by the probation office as a violation of a force clause in the Guidelines to Define any Crime of Violence. None of the parties below, neither the court nor the probation office, saw a mischaracterization as to whether his conduct violated the Crime of Violence definition. Since then, there has been published and unpublished opinions in many circuits, including this one, trying to grapple with and define what is a Crime of Violence. In Mr. Simmons' case, this is not a record that came to the district court or this court blank and cold. In our case, clearly the court had the benefit of an evidentiary record. There was sworn testimony from the officer, from others, and Judge Conrad made certain findings of fact. And that was behind my argument or conclusion. This was an Anders brief. But since then, Judge Duncan authored an opinion called the Merchant Case. And in that case, there was a footnote, amongst other comments throughout the case, that really opined and questioned whether or not, under the new version of the U.S. Sentencing Guidelines, the state statute for which Mr. Simmons was accused of violating is, in fact, a Crime of Violence. So, I see the argument to present to the day is whether or not the state statute, the assault upon a government officer, is categorically a Crime of Violence or not. I am trying to make this presentation with great mindfulness that my ethical duty is to Mr. Simmons. And I'm having some difficulty in squaring what I think the case law, the direction in which the case law may be moving. Oftentimes, these issues arise, as I say, from prior convictions. The court looks at the prior convictions with a categorical approach. Sometimes, they will use a modified categorical approach. But here we have an evidentiary record. And here, Judge Conrad found and determined that Mr. Simmons' conduct, as I read the record, violated subselinea, the fourth clause of the Crime of Violence. That said, I think that jurisprudence would be benefited by the court vacating Mr. Simmons' judgment on the revocation proceeding. Rebound back with clearer instructions as to what the law may be. I heard the arguments of the parties before me. It's obvious to me that this is an area, as I say, that's in a great state of unsettlement. I thought Simmons was arguing that AWD-WOGO is not categorically a crime of violence because it criminalizes more conduct than 4B1-2A's use of fourth clause in the enumerated defense law. Well, that's her argument. That's very correct, Judge Sunkin. And that's why I would suggest that probably evacuation and remand would be appropriate in this case for additional findings of fact. Well, I don't understand that because we don't look at the facts of the offense. We just look at the elements of the offense and decide whether or not it matches up with the crime of violence designation. So what do we mean by that? That's why I wasn't with respect to the state of the law based on the record that we have. On the record that we have, my argument, and candidly that's why I wrote an Andrews brief, but the court has ordered supplemental arguments on this broader issue. My argument is that under the under this particular state statute for which Simmons is accused of violating. And I guess I would draw an analogy. I didn't brief it, but to me it's almost like an assimilated crimes act problem in a way in some sense. You have in this circuit five states. In North Carolina we have a multitude of opinions trying to sustain convictions or not for people who are convicted. In my case, in Simmons' case, he had the benefit of an evidentiary hearing on whether his conduct violated the state statute. So if the argument is, as I'm trying to make, that it is not a categorical finding, the district court erred as a matter of law and, I don't want to use the word presuming, but applied it categorically. Judge Conrad heard the evidence, made findings of fact, and said well this looks like a violation. What should we do normally under the categorical approach? You just look at the, and this may go back to your Merchant opinion, you look at the definition of the statute and its elements and say well this appears to be categorically reasonably so. And in your Merchant opinion you had a footnote and in your Merchant opinion you were addressing, as I see it, the second portion of the crime of violence, the enumerated clauses portion. In my case, in the Simmons case, the district judge looked at the force clause. So I think there is a thicket of weeds here, is the best way that I can put it, that we're asking courts to go into. I'm trying to advocate that the categorical approach is not a proper approach in this case. I'm trying to zealously advocate for Mr. Simmons and for that reason this case is... You're arguing that we don't apply the categorical approach? Well, I'm arguing that the state of law is somewhat in a state of flux at this point. I'm arguing that the court should take this case and use it as a platform by which to provide further guidance, at least in a case like Mr. Simmons'. Mr. Lee, you're not here as an amicus counsel. I know that sir. You're here as counsel for Mr. Simmons. Yes sir, I am. Okay, well, being as I know you are a mindful of that, you're saying you don't want us to apply the categorical approach? You were here earlier. You heard Mr. Simmons' argument about why the categorical approach doesn't apply in the context of the offense for which this client was charged. I did. With respect to the mens rea, you don't find that at all persuasive? Well, I find it persuasive and that's why I suggest it perhaps. What's the better argument then? I think the better argument is to remand the case. We talk about the categorical approach. In this case, Mr. Simmons... What do you want us to do on behalf of your client and why? I would like for you to vacate his conviction. And why? That the court applied the crime of violence standard categorically. And I would argue that even under a modified approach it would be improper. Now, the problem as I see it is this. You've got a number of cases from the North Carolina Courts of Appeals and Supreme Court that look at the elements and the behaviors behind this thing. I believe that... And again, I'm trying to walk a fine line between advocating for Mr. Simmons and addressing your question. Either would be fine. Either would be fine. Well, let me answer it in this fashion. I would like for you to vacate his conviction, rule with the facts of this case that the court used the wrong standard of law and the court should have another... Apply the law to the facts. I don't believe that the assault from North Carolina... It cuts both ways. I mean, you go into the thickets and all this. You talk about mens re, culpable negligence, mistakes. What constitutes an assault? What doesn't constitute an assault? To me, those suggest that the crime of violence is incapable of being applied categorically because you're asking... You have to find certain facts. You've got a standard, a crime of violence standard that since 2016 has two prongs to it. The first prong and the enumerated clauses prong. They're different. And when you look at the state's statute in this case, I think the best thing to do is to remand this case and make it clear. Do you have anything further, counsel? I don't, your honor. Just that from my experience in the field that the jurisprudence over the recent years with crimes of violence and these things have created great problems. Just one thing. Yes, ma'am. Do you think that the standard of review, the plain error makes a difference here? Well... If you don't have a view on it, that's fine. Well, I think probably in hindsight, I would suggest that the standard of review should be de novo. There was a legal error involved here in Andrew's case. They didn't have the order for a supplemental briefing. So I would suggest that a de novo review. Thank you. May it please the court. Anthony Enright for the United States. I want to start by answering Judge Duncan's question because I think the standard of review is dispositive in this case. I'm cognizant of the argument that came before because it's a fairly similar issue. And I believe what I think I've heard from several angles is that this is an issue that as of today is not settled. There is an opinion from this court holding that this particular offense, North Carolina Statute 1434.2, is a crime of violence under the guidelines, under the older version of the guidelines, merchant. It is never held to the contrary. There's not a dispositive because for an error to be reversible under the plain error standard, it must be the settled law of the Supreme Court or the settled law of this court that clearly establishes the error. That simply has not happened yet. And I would note, sorry, Judge Duncan, I've noted for the court has, I think I've counted five different decisions where various North Carolina enhanced assault offenses have been before the court and affirmed as crimes of violence or violent felonies under the plain error standard. Right, Rucker, Little, Vereen, McMillan. So merchant was unpublished, right? So does that matter? I don't think it does matter, Your Honor, because the question is whether there is binding precedent that clearly establishes the error. And there is not. I think it's useful to note that merchant. Well, I guess a clear binding precedent from the Mr. Simmons point of view and Carney made the same argument as Vincent, right? With respect to mens rea. Certainly, Your Honor. And if Vincent applies, I guess there's two parts. There's two parts to Vincent. One is what's the mens rea required for the assault under North Carolina law? So the Vincent case on the component of North Carolina law, Vincent addressed assault on a female, a misdemeanor offense. And what this court held in Townsend is that Vincent is not controlling with respect to all North Carolina aggravated assaults. What you have to do is look at the individual aggravated assault and see if there's a realistic probability that it would apply to conduct outside the force clause. And when you do that in this case, the answer is no. There are really only two cases I've been able to find that apply this particular statute and invoke the culpable negligence standard. They essentially do it in dicta. They're invoking it from the different offense, assault of a deadly weapon, inflicting serious injury. And they apply it to facts that are clearly intentional. In both cases, it involved dragging a police officer under a car under circumstances where the defendant couldn't possibly have not known that he was causing injury to the police officer. In one case, it's pageant and spellman, the same cases that were discussed in the merchant opinion. In the one case, the defendant drove the truck toward the officer after he had run over him, in which the officer had to shoot at him twice to get him to veer off. Clearly intentional conduct. Conduct that I don't think anyone would dispute is within the scope of the force clause. Now, I agree with everything my colleague, Mr. Rubin, said about the application of voisine. Let me go back to merchant for a second. Does it matter that merchant was primarily focused on the residual clause and not the force clause? Yes, Your Honor, it was. And I'm not suggesting that merchant controls the outcome in this case in terms of the error standard, although it's helpful because it does reflect the principle that in the vast majority of cases involving this statute, really you're talking about purpose or not, a purposeful or knowing assault on a law enforcement officer. And that is why I said that the statute was specifically intended to imply applying an enhanced penalty to people who knowingly assault officers. What I'm suggesting is that if you look at the decisions that, so the question under the residual clause is whether in the ordinary case you have the requisite mens rea and under the force clause it's whether the least I respectfully suggest that even the least culpable conduct under this statute remains purpose or knowledge because the statute's been around for a few decades. It's been amended a couple times to add to the class of persons who are within its scope, within its protection. It's been around for a few decades and neither I nor my colleague, I don't think, have been able to find any cases that apply this particular statute to anything that wouldn't involve purpose or knowledge. And I do want to, I agree with Mr. Rubin's point and about the both precedential effect of Middleton and the application of the Voisin standard to both the Armed Career Criminal Act and other residual clauses, but I don't want to belabor that point or repeat it unless the court wants to, would like me to. I'm certainly happy to if the court would like that. I do want to add a couple of things. One thing I would note is that the concurring opinion in Middleton specifically held that each residual clause needs to be, or specifically said, that each residual clause needs to be considered in the light of its own purpose and context. And unlike the language, so the Middleton opinion described the Armed Career Criminal Act as targeting those who would deliberately point the gun and pull the trigger. The career offender guideline is much broader than that. It's not limited to people who would deliberately point the gun and pull the trigger. We know that because there's two components to it and even in recent years it's been amended to include a host of traditionally violent offenses that can be satisfied with recklessness, murder, voluntary manslaughter, aggravated assault, a series of other offenses that don't require any intent to harm a person at all, unlawful possession of sawed-off shotguns, explosive materials, arson, kidnapping. So that strongly suggests that the interpretive, that the meaning of use that has been consistent, as Vauzine noted, for the last hundred years should not be curtailed as it applies to the guideline. If we disagree with you on the plain error, the third part of the plain error analysis and conclude that the error was plain, what's your position as to whether or not this affected Mr. Simmons' substantial rights? Your Honor, it probably did because it governed, it determined the applicable, the correct word is not the guideline range, but the advisory policy statement range and under the Supreme Court's precedent I think that would be sufficient under the third and fourth prong if there's an error and the error was plain. I appreciate that. Thank you. Certainly, Your Honor. I do also want to mention that there is, even apart from Middleton, the fact that North Carolina, when they define, they use the term culpable negligence, but they define that concept as, let me see if I can quote it right because it's a mouthful. What they've said, close to a century ago, ordinary negligence is based on a theory that a person charged with negligent conduct should have known the probable consequences of his act. Culpable negligence rests on the assumption that he knew the probable consequences, but was intentionally, recklessly, or wantonly indifferent to the results. So that is the recklessness. That is equivalent to recklessness as that term appears in the model penal code, and it is sufficient to establish aggravated assault if you have an aggravating element of a deadly weapon. And you do have that here. It's an element of the offense. So you have a criminal assault with a sufficient intent when coupled with an aggravated offense or a dangerous weapon. So it meets the requirements of categorically, it categorically qualifies as an aggravated assault and under the force clause. And I don't believe there's any precedent settling either of those issues to the contrary. So I do believe the plain error standard is dispositive. If the court has no further questions, I will yield the balance of my time back to the court. And I will ask the court to affirm the decision of the district court. Thank you, Mr. Enright. Mr. Lee, do you have anything further? Thank you, Your Honor. If the court has questions, I'll be glad to entertain those. If I have nothing further, I think we've debriefed as best as we could, Your Honor. All right. Thank you so much. Yes, sir. We'll ask the clerk to adjourn the court for the term. Then we'll come down and recount. This honorable court stands adjourned. Sinead Dye, God save the United States and this honorable court.
judges: Roger L. Gregory, Allyson K. Duncan, Albert Diaz